**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

### LETTER OPINION

November 9, 2005

Lewis C. Walker
#102409
Middlesex County Adult Correction Center
Apple Orchard Lane
North Brunswick, New Jersey 08902
*Pro se*

Gary S. Spagnola
Golden, Rothschild, Spagnola,
 Lundell, Levitt & Boylan, PC
1011 Route 22 West, Suite 300
P.O. Box 6881
Bridgewater, New Jersey 08807
*Attorney for Defendant*

      Re:    Lewis C. Walker v. Middlesex Boro Police
             Civil Action No. 05-CV-4071 (WJM)

Dear Litigants:

     This matter comes before the Court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, defendant's motion is **granted** and plaintiff's complaint is **dismissed**.

### BACKGROUND

     This civil rights action arises from the arrest of plaintiff Lewis Walker by officers of the Middlesex Borough Police Department[1] on November 26, 2004. Walker was charged with

---

     [1]Plaintiff improperly named the Middlesex Borough Police Department as the "Middlesex Boro Police" in the complaint. The Court will refer to the defendant by its proper name.

carjacking, simple assault, aggravated assault, obstruction of administration of law, theft, possession of a controlled dangerous substance ("CDS"), possession of CDS within 1000 feet of a school zone, possession of CDS within 500 feet of a public park, possession of CDS in a motor vehicle, possession of CDS with intent to distribute, possession of drug paraphernalia and resisting arrest.  He was brought to Middlesex police headquarters.  While there, he complained of having hurt his left hand from punching an individual during the night's events.  He was offered medical assistance, but declined.  Because of his injured hand, Walker was not fingerprinted.  He also was not photographed.  He was transported that night to the Middlesex County Adult Correctional Center.

Patrolman Michael Rocca ("Ptl. Rocca") filled out an Arrest Report and Investigation Reports concerning the events surrounding Walker's arrest.  Ptl. Rocca also wrote a narrative about the events, including a description of Walker's criminal acts and the discovery of fifty-four individually wrapped bags of cocaine in the car Walker was driving that night.

On December 2, 2004, Detective Keith Orts ("Det. Orts") of the Middlesex Borough Police Department went to Middlesex County Adult Correctional Center to take Walker's fingerprints and photograph.  When Det. Orts attempted to take Walker's fingerprints, Walker complained that his left hand still hurt.  When Det. Orts attempted to take Walker's photograph, Walker responded by stating, "Oh no, you should have taken my mug shot when the 'bullsh*t' incident occurred.'" (1/5/05 Suppl. Investigation Report).  Det. Orts informed Walker that he would be back in four weeks when his hand would be healed to take his fingerprints and photograph.  Det. Orts further informed Walker that if he refused to cooperate at that time, charges would be filed against him.

On January 5, 2005, Detective Stephen Johnson ("Det. Johnson") of the Middlesex Borough Police Department went to the correctional center to obtain Walker's fingerprints and photograph.  Once again, Walker refused, stating, "You had your f**king chance, you should of printed me at your precinct."  (1/14/05 Suppl. Investigation Report).  As a consequence, additional charges were brought against Walker for obstructing the administration of law and refusing to be fingerprinted.

On or about July 5, 2005, Walker filed a civil rights action in the Superior Court of New Jersey, Law Division, Middlesex County.  The complaint alleged violations of Walker's constitutional rights stemming from the Middlesex police officers' alleged failure to fingerprint and photograph him and their alleged failure to write a detailed report about the discovery of CDS.  In August 2005, defendant removed the action to federal court and, subsequently, filed its motion to dismiss pursuant to Rule 12(b)(6).

## ANALYSIS

A.   **Standard of Review**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998).  In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court may dismiss a complaint for failure to state a claim.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982).

In the case of a *pro se* litigant, the court must "find that it is clear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Zynn v. O'Donnell*, 688 F.2d 940, 941 (3d Cir. 1982) (quoting *Haines v. Kerner*, 404 U.S. 519, 521 (1972)).

B.   **Plaintiff Failed to State a Claim Concerning the
Alleged Violations of His Constitutional Rights**

The *pro se* complaint alleges that plaintiff's Fourth, Eighth and Fourteenth Amendment rights were violated on the night of November 26, 2004.  As best interpreted, it sets forth four claims alleging constitutional violations: (1) defendant violated plaintiff's Fourteenth Amendment right to due process when the Middlesex Borough police officers failed to take his fingerprints and photograph; (2) defendant violated plaintiff's Fourteenth Amendment right to due process when the officers failed to write a detailed report about the discovery of CDS; (3) defendant violated plaintiff's Eight Amendment right to be free of cruel and unusual punishment when the officers failed to adhere to due process, as elaborated in the first two violations, and incarcerated him against his will; and (4) defendant violated plaintiff's Fourth Amendment right when the officers arrested him and subsequently failed to adhere to due process as set forth above.  (*See* Compl. at 2-3).  Because each of these violations fails to state a violation of an actual constitutional right, plaintiff's complaint must be dismissed.

First, plaintiff's entire complaint relies on the allegations that there is a constitutional right to be fingerprinted and photographed after being arrested, and to have a detailed report written about the seizure of controlled substances.  However, this Court is unaware of any such constitutional rights.  Indeed, none exist.

Contrary to plaintiff's assertion, N.J.S.A. 53:1-15 does not provide a right to be fingerprinted and photographed immediately after being arrested. That statute merely provides a process for identifying people that have been arrested by requiring that fingerprints and photographs be taken and forwarded to the State Bureau of Identification. *See* N.J.S.A. 53:1-15. Further, as discussed above, the officers attempted to obtain plaintiff's fingerprints and photograph, but he steadfastly refused to allow them, giving rise to the obstruction of the administration of law charge. Plaintiff also mistakenly cites N.J.S.A. 53:1-20 for the proposition that the officers had a duty to write a detailed report. That statute requires only that officers perform their duties, including write reports. There is no requirement that the reports be "detailed." And, as recounted above, the officers did in fact write a report concerning the incident of November 26, 2004. Accordingly, plaintiff's apparent attempt to rely on rights emanating from state law is unavailing.

"The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount." *Board of Regents v. Roth,* 408 U.S. 564, 569-70 (1972). Because no due process rights were implicated by the officers not taking plaintiff's fingerprints and photograph, and by the officers not generating a written report as detailed as plaintiff suggests was necessary, procedural due process requirements were not implicated. Accordingly, the complaint fails to state a claim for violations of plaintiff's constitutional rights.

Second, plaintiff's allegations are without merit, contradicted by the very documents plaintiff's claims are based upon. A detailed report was written about the seizure of CDS. Det. Rocca documented the fact that fifty-four individual bags of a substance which appeared to be cocaine were found in the car Walker was driving that night. He discussed where the bags were located, under the floor mat on the front passenger side of the vehicle, how much they weighed, 21 grams total, and that they were photographed before being placed into evidence. (*See* 11/27/04 Investigation Report at 7). Plaintiff fails to identify how this description lacks sufficient detail or is otherwise wanting.

Moreover, plaintiff's suggestion that the officers of the Middlesex Borough Police Department failed to take his fingerprints and photograph is not supported by the Investigation Report and the Supplemental Investigation Reports. The reports make clear that they would have taken his fingerprints and photographed Walker on the night of the arrest had he not injured his left hand. Further, they also describe the officers' subsequent attempts to obtain Walker's fingerprints and photograph and his steadfast refusal to allow the officers to perform this routine task. In short, the alleged failure of the officers to obtain Walker's fingerprints and photograph can be attributed to Walker himself, not any violation of his alleged constitutional rights.

In sum, plaintiff's allegations concerning failure to fingerprint, photograph and write a detailed report are meritless, both factually and legally. As such, all of plaintiff's claims, which are premised on the existence of such rights, fail and, therefore, must be dismissed.

C. **Even Assuming Plaintiff Could Establish Violations of His Constitutional Rights, Plaintiff Has Failed to Establish a Custom or Policy Warranting Municipal Entity Liability**

Even assuming that plaintiff could establish that defendant violated his constitutional rights, plaintiff's complaint is legally deficient because it fails to allege a custom or policy giving rise to municipal entity liability. Thus, for this additional reason, plaintiff's complaint must be dismissed.

Municipal entities may be sued under § 1983 only for acts implementing an official policy, practice, or custom. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978). A plaintiff must identify the challenged policy, attribute it to the city itself, and show a causal link between execution of the policy and the injury suffered. *Losch v. Borough of Parkesburg*, 736 F.2d 903, 910 (3d Cir. 1984). A course of conduct is considered to be a custom when, though not authorized by law, such practices, known of and acquiesced in by a policy maker, are so permanent and well-settled as to virtually constitute law. *See Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). Because plaintiff fails to allege that the constitutional violations resulted from any police department policy, practice, or custom, it is clear to the Court that no municipal liability can extend to defendant even assuming *arguendo* that any constitutional violations occurred. That is, plaintiff's claims are legally insufficient to establish municipal entity liability and, therefore, must be dismissed.

## Conclusion

For the reasons stated above, it is clear that plaintiff's claims are without merit. The complaint fails to state a claim for violations of cognizable constitutional rights, and fails to allege that those violations are attributable to a policy, practice or custom of the Middlesex Borough Police Department. Accordingly, defendant's motion to dismiss is granted and plaintiff's complaint is dismissed with prejudice in its entirety.

s/ William J. Martini<br>
**William J. Martini, U.S.D.J.**